# THE ATTORNEY GENERAL
## OF TEXAS


CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 1, 1972

Honorable Robert S. Calvert      Opinion No. M-1252
Comptroller of Public Accounts
State Finance Building            Re: Must a State employee who
Austin, Texas  78701                  resigns, is dismissed, or
                                      is separated from State
                                      employment be paid for all
                                      duly accrued vacation time,
Dear Mr. Calvert:                     and related questions.

Your request for an opinion reads as follows:

"I hereby request your official opinion in answer to the following questions:

"1.   Must a State employee who resigns, is dismissed, or separated from State employment be paid for all duly accrued vacation time?

"a.   If the above answer is in the affirmative, when should the payment be made?

"2.   Must the salary of a line-item employee be paid solely from a line-item appropriation or may he be paid in whole or in part from monies which the Legislature has prohibited in whole or in part to be paid for salary or wages?

"a.   Sec. 10.   LIMITATIONS ON USE OF OTHER EXPENSE FUNDS FOR PAYING SALARIES AND WAGES.   Funds appropriated in Articles I, II, and III of this Act, or for the Central Education Agency in Article IV of this Act, in items designated for consumable supplies and materials, current and recurring operating expense or capital outlay shall be expended only for items set out in the Comptroller's Manual of Accounts, Expenditure Classification, effective November 1, 1965, as amended, and numbered from 10 to 19 for 'consumable supplies and materials,' 20 through 28 for 'current and recurring operating expense,' and 60 to 69 for 'capital

outlay,'  It is further provided that such terms
shall not include expenditures for personal
services including salaries and wages, unless
the language of those items explicitly authorizes
such use."

Article 6252-8a, Vernon's Civil Statutes, provides in
part:

"Sec. 2.  Upon the death of a state employee,
the state shall pay his estate for all of the em-
ployee's accumulated vacation leave and for one-
half of his accumulated sick leave.  The payment
shall be calculated at the rate of compensation
being paid the employee at the time of his death.

"Sec. 3.  Funds appropriated for salaries to
the department or agency for which the employee
worked shall be used in making payments provided
for by this Act."

Section 7 of Article V of the current General Appropriation
Act provides in part at page V-34:

"If a State employee transfers directly from
one State agency to another, he shall be entitled
to credit with the newly employing agency for
his accumulated but unused vacation entitlement,
provided that his employment with the State is
uninterrupted.  A State employee who resigns,
is dismissed, or separates from State employment
shall be entitled to be paid for all vacation
time duly accrued."  (Emphasis added.)

The underlined portion of the above quoted rider did not
appear in the General Appropriation Act beginning September 1,
1971; instead it was provided:

"If a State employee transfers directly from
one State agency to another, he shall be entitled
to credit with the newly employing agency for his
accumulated but unused vacation entitlement, pro-
vided that his employment with the State is un-
interrupted.  No employee of the State shall be
granted terminal annual or vacation leave sub-
sequent to the effective day of the employee's

-6126-

resignation, dismissal, or separation from State
employment." (Emphasis added.)

Accrued vacation entitlement is a vested right of State
employees and of their estates. Attorney General's Opinion M-1075
(1972) and authorities cited therein.

It is now specifically provided that a State employee
who resigns, is dismissed or separates from State employment "shall
be entitled to be paid" for all vacation time duly accrued. There-
fore it is our opinion that an individual who is no longer on a
State payroll has not been fully paid all the compensation for
services rendered the State that he is legally entitled to until
such individual has been paid for all vacation time which has
accrued to such individual.

In answer to your first question you are therefore ad-
vised that a State employee who resigns, is dismissed or separated
from State employment must be paid for all duly accrued vacation
time. Such payment is due and payable on the date the State em-
ployee resigns, is dismissed, or is separated from State employment,
which should be submitted on the monthly payroll for the month
in which the separation will occur; i.e., employment terminated
midnight December 31st, payment is submitted on the December pay-
roll.

Article 6813b, Vernon's Civil Statutes, provides in part:

"From and after the effective date of this
Act, all salaries of all State officers and State
employees, including the salaries paid any in-
dividual out of the General Revenue Fund, shall
be in such sums or amounts as may be provided for
by the Legislature in the biennial Appropriations
Act. . . ."

Since payment for all duly accrued vacation time is payment
for services rendered, it is our opinion that such payment consti-
tutes salaries within the meaning of Article 6813b. Therefore such
payment may only be made from funds made available for expenditure
by the Legislature in the Appropriations Act for salaries; i.e.,
Attorney General Department appropriation, payment for accrued va-
cation for Assistant Attorney General, may be paid from Item 6 or At-
torney General's Operating Fund of the current Appropriations Bill.
Employees for whom line item appropriations are made may be paid for a:
cumulated vacation time from other salary funds. You are accordingly

Hon. Robert S. Calvert, page 4     (M-1252)

advised that such payment is subject to the limitation provided in Section 10 of Article V of the current General Appropriations Act relating to limitations on use of other expense funds for paying salaries and wages quoted in your request.

S U M M A R Y

A State employee who resigns, is dismissed, or separated from State employment must be paid for all duly accrued vacation time and such payment may be made from any appropriated funds available for the payment of salaries or wages.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Marvin Sentell
James Quick
Bob Gauss
Bob Flowers

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant